**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-5121**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

YOSEF AMIEL HANDY,

                              Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., Senior District Judge.  (CR-05-141)

---

Submitted: September 26, 2006       Decided: September 28, 2006

---

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Yosef Amiel Handy pled guilty to distribution of crack cocaine and possession of a firearm by a convicted felon, and he was sentenced to 360 months in prison. On appeal, he asserts that the district court abused its discretion in denying his motion for appointment of new counsel prior to sentencing. In determining whether the court erred in denying a motion to substitute counsel, we consider three factors: (1) the timeliness of the motion, (2) the adequacy of the court's inquiry into defendant's complaints about counsel; and (3) whether defendant and his counsel experienced a total lack of communication preventing an adequate defense. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004).

Here, Handy delayed filing his motion, which was paired with a motion to withdraw his guilty plea, until after disclosure of the presentence report ("PSR") and nearly three months after his guilty plea. The motions were based on allegations that would have been known to Handy at the time of his plea. Next, the court conducted a thorough review of defendant's complaints against his counsel before denying the motions.[*] Finally, Handy never asserted that he and his attorney had a breakdown in communications. While

---

[*]In addition, Handy had moved for substitution of counsel on two prior occasions, and the court conducted substantial colloquy on those occasions as well. Prior to his guilty plea, Handy filed his first motion for new counsel, which he eventually withdrew. Handy then filed a second motion for new counsel several days before the scheduled trial date. The court denied this motion after specifically examining each of Handy's complaints.

he claimed that his attorney was not correctly advising him about the facts of his case and the applicable law, the district court correctly found that these assertions were unsupported. Further, after Handy's motion was denied, Handy and his counsel conferred and counsel proffered the sentencing objections Handy wanted made, even though the objections were without merit. Thus, the record shows that Handy and his counsel were still able to communicate.

Given these circumstances, we find that the district court did not abuse its discretion in denying Handy's motion for appointment of new counsel for sentencing. We grant Handy's motion to file a supplemental brief, but find the issue raised therein to be meritless. Accordingly, we affirm Handy's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED